UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ALLEN FLOYD, individually, and K.F.,
a minor child, by and through ALLEN
FLOYD, his father and natural guardian,

        Plaintiffs,

v.

JAMES CADY, individually, DEBBRA
BRIDGMAN, individually, and GREGORY
TONY, as SHERIFF of BROWARD
COUNTY, Florida,

        Defendants.
_____/

## COMPLAINT

1. This is a civil action seeking money damages in excess of $30,000 dollars, exclusive of costs, interest, and attorney's fees, against JAMES CADY, individually, DEBBRA BRIDGMAN, individually, and GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.  The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.  Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the

Florida Statutes.

**PARTIES**

4. Plaintiff ALLEN FLOYD [hereinafter Plaintiff FLOYD or FLOYD] is a resident of the state of Florida.

5. Plaintiff K.F., a minor child [hereinafter Plaintiff K.F. or K.F.], by and through ALLEN FLOYD, his father and natural guardian, is a resident of the state of Florida.

6. At all times referred to herein, Defendant JAMES CADY [hereinafter Defendant CADY] was acting under color of law as a deputy sheriff for GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida.

7. At all times referred to herein, Defendant DEBBRA BRIDGMAN [hereinafter Defendant BRIDGMAN] was acting under color of law as a deputy sheriff for GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of  GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida.

8. Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, is the successor Sheriff of Broward County, Florida [hereinafter Defendant GREGORY TONY, as SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida.  In this cause, Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, acted through its agents, employees, and servants, including Defendant CADY, Defendant BRIDGMAN, and others.

9. Plaintiff sues Defendant CADY and Defendant BRIDGMAN in their individual capacities.

## FACTS

10. On July 25, 2017, Plaintiff FLOYD was at the Red Roof located at 2469 State Road 84, Dania Beach, Broward County, Florida. Plaintiff FLOYD was accompanied by his son, Plaintiff K.F. (age 9 months), as well as K.F.'s mother, Eltonisha Laquicia Clark (hereinafter "Clark"), and Clark's friend Johnnymae Davis Dardy (hereinafter "Dardy").

11. When Plaintiff FLOYD turned on the televison set in his motel room a blank screen appeared. The front desk was notified and Plaintiff FLOYD requested a replacement television set or a different room.

12. Plaintiff FLOYD then walked to a nearby convenience store.

13. The motel subsequently accusing Dardy of damaging the television and requested that the entire party vacate the motel room.

14. When Plaintiff FLOYD returned from the convenience store Defendant CADY and Defendant BRIDGMAN were in the motel room. Plaintiff FLOYD was advised that the entire party had been requested to vacate the motel room.

15. Plaintiff FLOYD pickup up his son and exited the room, and in doing so, failed to remember that his cell phone charger was plugged into an electrical outlet.

16. Plaintiff FLOYD, Plaintiff, K.F., and Dardy, exited the motel room and walked downstairs into the parking lot.

17. At all times material hereto, Clark had previously left the motel room to travel to Liberty City, in Miami, in her motor vehicle. Clark's motor vehicle contained the child car seat for Plaintiff K.F.

18. After Plaintiff FLOYD exited the motel room, he remembered that he left behind his cell phone charger. Plaintiff FLOYD re-contacted hotel management and was giving access to the

motel room.   Plaintiff FLOYD then retrieved his cell phone charger and returned to the motel parking lot, along with Defendant CADY, Defendant BRIDGMAN, and Dardy.

19. At all times material hereto, a Lyft was on scene and agreed to transport the party from the premises of the hotel.

20. Plaintiff FLOYD was unable to leave in the Lyft because the child car seat for Plaintiff K.F. was inside Clark's motor vehicle.

21. Plaintiff FLOYD called Clark on his cell phone, explained the situation, and asked her to return to the motel.  She agreed.

22. Plaintiff FLOYD then sat down on a curb while holding Plaintiff K.F., and awaited Clark's return to the motel.

23. At all times while Plaintiff FLOYD was seated on the curb holding Plaintiff K.F., Plaintiff FLOYD remained free to leave.

24. At all times material hereto, during the consensual encounter in the parking lot of the Red Roof Inn, Defendant CADY and Defendant BRIDGMAN lacked probable cause to believe Plaintiff K.F. was threatened with imminent harm.

25. During the process of waiting for Clark to return from Miami, Plaintiff FLOYD remained calm while Defendant CADY became increasingly impatient and belligerent, stating;

| | |
|---|---|
| [By James Cady]: | How long she gonna be man? |
| [By Allen Floyd]: | She in Miami. |
| [Cady]: | You got a separate room here?   Get your ID for me bro. |
| [Floyd]: | I don't have to give you ID. |
| [Cady]: | Cause I'm gonna hand that child to you I want to see ID. |
| | I want to see your ID! |

|  | Okay. Listen. Fine. I'm going to take her [Dardy] to jail cause she's got a warrant  I'm going to call child services on this kid.  Quit f***ing with me, boy! |
|---|---|
| [Floyd]: | Why are you yelling in front of my child? |
| [Cady]: | You hear me?   Get your ID, now! |
| [By Debbra Bridgman]: ID! | |
| [Cady] | Now! |
| [Floyd]: | Why you being so hostile? |
| [Cady]: | (Speaking to Dardy) Get your ass back in the car (Lyft). |
|  | (Speaking to Floyd)   Get me ID, now! |
| [Floyd]: | Why are you being so hostile? |
| [Cady]: | Because you're giving me shit and I'm tired of it. |
| [Floyd]: | I'm not giving you shit. |
|  | Give me some ID.   I want to know who this child is going with. |
| [Floyd]: | Me.  Allen Floyd.  My name is Allen Floyd.  You can look me up. |
| [Cady]: | If you lie to me one time I'm taking your ass to jail. |
| [Floyd]: | [Whereupon Floyd stands up while holding K.F.]  It's my baby. It's my baby, man.  I'm not lying to you, man. [Floyd turns away from Cady]  Stop calling me boy, man. |

26. Defendant CADY then physically restrained Plaintiff FLOYD with both arms, using his left hand to restrain Plaintiff FLOYD's right side while placing his right arm across Plaintiff FLOYD's chest, and using his right hand to restrain Plaintiff FLOYD by the throat.

27. Plaintiff FLOYD responded by stating "What you doing?, I just told you my name," whereupon Defendant CADY responded: "I'm going to f***k you up," while adding (to Defendant BRIDGMAN): "Take the baby!  Get the baby!"

28. As Plaintiff FLOYD was restrained by Defendant CADY, Defendant BRIDGMAN physically removed Plaintiff K.F. from Plaintiff FLOYD's care, custody, and management, whereupon Defendant CADY pushed Plaintiff FLOYD up against the Lyft vehicle.

29. The removal of Plaintiff K.F. from Plaintiff FLOYD's care, custody, and management occurred in the absence of probable cause that K.F. was threatened with imminent harm.

30. As soon as Plaintiff K.F. was physically separated from his father, Plaintiff K.F. began crying, loudly.

31. Dardy continued to attempt to exit the Lyft vehicle, whereupon Defendant CADY released Plaintiff FLOYD, who then tried to get Dardy to remain inside the Lyft vehicle.

32. Once Plaintiff FLOYD returned Dardy to the Lyft vehicle, Defendant CADY stated: "It's going to get nasty here real quick. Come over here and talk to me."

33. At that point, Dardy again began to exit the Lyft vehicle, whereupon Cady stated to Plaintiff FLOYD: "Get her [Dardy] under control first.  Get her under control."

34. Plaintiff FLOYD again placed Dardy back inside the Lyft vehicle, whereupon Defendant CADY stated:  "Okay.  Grab your baby.  Grab your baby so it stops crying.  You want to talk to me like a man, come over and talk to me."

35. Defendant BRIDGMAN then returned Plaintiff K.F. to the care, custody, and management of Plaintiff FLOYD (whereupon Plaintiff K.F. stopped crying).

36. Plaintiff FLOYD and Plaintiff K.F. then left the incident location, and subsequently departed the area upon Clark's return (with the car seat).

37. At all times material hereto, the conduct of Defendant CADY and Defendant BRIDGMAN occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF, FLOYD'S, UNLAWFUL SEIZURE CLAIM AGAINST DEFENDANT CADY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CADY, individually, in Count I, Plaintiff FLOYD states:

38. Plaintiff FLOYD realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 37.

39. Defendant CADY proximately caused Plaintiff FLOYD's seizure under the Fourth Amendment by laying hands on Plaintiff FLOYD, and applying physical force for the purpose of restraining Plaintiff FLOYD, to facilitate the warrantless seizure of Plaintiff K.F.

40. At all times material hereto, Defendant CADY lacked probable cause to believe Plaintiff K.F. was threatened with imminent harm. *Doe v. Kearney*, 239 F.3d 1286, 1295 (11th Cir. 2003).

41. The conduct of Defendant CADY towards Plaintiff FLOYD was objectively unreasonable, in violation of Plaintiff FLOYD's clearly established right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

42. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff FLOYD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

43. As a further direct and proximate result of the conduct of Defendant CADY, Plaintiff FLOYD suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff FLOYD's losses are either permanent or continuing and Plaintiff FLOYD will suffer the losses in the future, in violation of Plaintiff FLOYD's civil rights. Plaintiff FLOYD has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff FLOYD prays:

    i.    Judgment for compensatory damages in excess of $ 30,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## PLAINTIFF, K.F.'S, UNLAWFUL SEIZURE CLAIM AGAINST DEFENDANT CADY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CADY, individually, in Count II, Plaintiff K.F. states:

44. Plaintiff K.F. realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 37.

45. Defendant CADY proximately caused Plaintiff K.F.'s seizure under the Fourth Amendment by laying hands on Plaintiff FLOYD, and applying physical force for the purpose of restraining Plaintiff FLOYD, while stating to Defendant BRIDGMAN, "Take the Baby!  Get the baby!," as Plaintiff FLOYD was holding Plaintiff K.F. in his left arm. *Brendlin v. California*, 127 S.Ct. 2400 , 2405 (2007).

46. At all times material hereto, Defendant CADY lacked probable cause to believe Plaintiff K.F. was threatened with imminent harm. *Doe v. Kearney*, 239 F.3d 1286, 1295 (11th Cir. 2003).

47. The conduct of Defendant CADY towards Plaintiff K.F. was objectively unreasonable, in violation of Plaintiff K.F.'s clearly established right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

48. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff K.F. has been brought into public scandal, and suffered loss of his liberty and freedom and mental anguish, in violation of Plaintiff K.F.'s civil rights. Plaintiff K.F. has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff K.F. prays:

   i. Judgment for compensatory damages in excess of $ 30,000 dollars;

   ii. Judgment for exemplary damages;

   iii. Cost of suit;

   iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

   v. Trial by jury as to all issues so triable; and

   vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
### PLAINTIFF, K.F.'S, UNLAWFUL SEIZURE CLAIM AGAINST DEFENDANT BRIDGMAN, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant BRIDGMAN individually, in Count III, Plaintiff K.F. states:

49. Plaintiff K.F. realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 37.

50. Defendant BRIDGMAN, by direct act or indirect procurement, personally participated in or proximately caused Plaintiff K.F.'s removal from Plaintiff FLOYD's care, custody, and management without a warrant, and in the absence of probable cause to believe Plaintiff K.F. was threatened with imminent harm. *Doe v. Kearney*, 239 F.3d 1286, 1295 (11th Cir. 2003).

51. As Plaintiff FLOYD was restrained by Defendant CADY, Defendant BRIDGMAN physically removed Plaintiff K.F. from his father's care, custody, and management.

52. The conduct of Defendant BRIDGMAN towards Plaintiff K.F. was objectively unreasonable, in violation of Plaintiff K.F.'s clearly established right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

53. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff K.F. suffered loss of his liberty and freedom, mental anguish, and has been brought into public scandal, in violation of Plaintiff K.F.'s civil rights. Plaintiff K.F., by and through Plaintiff FLOYD, his father and natural guardian, has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff K.F. prays:

  i. Judgment for compensatory damages in excess of $ 30,000 dollars;

  ii. Judgment for exemplary damages;

  iii. Cost of suit;

  iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

  v. Trial by jury as to all issues so triable; and

  vi. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT IV
### PLAINTIFF FLOYD'S FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT CADY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CADY, individually, in Count IV, Plaintiff FLOYD states:

54. Plaintiff FLOYD realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 37.

55. At all times material hereto, during the course of the consensual encounter Plaintiff FLOYD had no legal duty to possess identification of any kind, or provide Defendant CADY with identification, including government issued identification.

56. At all times material hereto, Plaintiff FLOYD was a black male and Defendant CADY was white. As such, Defendant CADY's use of the term "boy" to refer to Plaintiff FLOYD (then age 30) was calculated to cause hurt and injury, and based against the history of race discrimination in the South, did cause hurt and injury.

57. In response to Defendant CADY's belligerence and wholly inappropriate use of a racially offense term ("boy") when addressing an adult black male, Plaintiff FLOYD remained calm, and his verbal protests constitute classic protected speech.

58. As a proximate cause of Plaintiff FLOYD's protected speech, Defendant CADY seized Plaintiff FLOYD and directed Defendant BRIDGMAN to "Take the baby! Get the baby!" Defendant BRIDGMAN complied.

59. At all times material hereto, it was clearly established law that "[t]he freedom of individuals verbally to oppose or challenge police action . . . is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 107 S.Ct. 2502, 2510 (1987).

60. At all times material hereto, it was clearly established law that speech directed to police officers is protected under the First Amendment "against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* at 2009.

61. The conduct of Defendant CADY, as set forth herein, was in retaliation for Plaintiff's exercise of his rights under the First Amendment, and would likely to deter a person of ordinary firmness from the exercise of their First Amendment rights. The conduct of Defendant CADY towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

62. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff FLOYD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

63. As a further direct and proximate result of the conduct of Defendant CADY, Plaintiff FLOYD suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff FLOYD's losses are either permanent or continuing and Plaintiff FLOYD will suffer the losses in the future, in violation of Plaintiff FLOYD's civil rights. Plaintiff FLOYD has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff FLOYD prays:

    i. Judgment for compensatory damages in excess of $ 30,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v. Trial by jury as to all issues so triable; and

    vi. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT V
### PLAINTIFF FLOYD'S PROCEDURAL DUE PROCESS CLAIM AGAINST DEFENDANT CADY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CADY, individually, in Count V, Plaintiff FLOYD states:

64. Plaintiff FLOYD realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 37.

65. At all times material hereto, it was clearly established law that parents have a constitutionally protected liberty interest in the care, custody and management of their children.

66. At all times material hereto, it was clearly established law that a state may not remove

a child from parental custody without judicial authorization in the absence of probable cause that the child is threatened with imminent harm.

67. At all times material hereto, no reasonable police officer in the position of Defendant BRIDGMAN could have believed there was probable cause that Plaintiff K.F. was threatened with imminent harm.

68. At all times material hereto, Plaintiff FLOYD had a protected liberty interest in the care, custody, and management of Plaintiff K.F., and as such, the removal of Plaintiff K.F. from Plaintiff FLOYD's parental custody in the absence of judicial authorization or probable cause that Plaintiff K.F. was threatened with imminent harm was objectively unreasonable, in violation of Plaintiff FLOYD's clearly established rights under the due process clause of the Fourteenth Amendments and 42 U.S.C. § 1983.

69. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff FLOYD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

70. As a further direct and proximate result of the conduct of Defendant CADY, Plaintiff FLOYD suffered mental anguish and loss of capacity for the enjoyment of life. Plaintiff FLOYD's losses are either permanent or continuing and Plaintiff FLOYD will suffer the losses in the future, in violation of Plaintiff FLOYD's civil rights. Plaintiff FLOYD has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff FLOYD prays:

    i. Judgment for compensatory damages in excess of $ 30,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

      iv.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.      Trial by jury as to all issues so triable; and

      vi.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI
## PLAINTIFF FLOYD'S STATE LAW BATTERY CLAIM AGAINST DEFENDANT GREGORY TONY, AS SHERIFF OF BROWARD COUNTY, FLORIDA
(for conduct of Defendant CADY)

For his cause of action against Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, in Count VI, Plaintiff FLOYD states:

71.     Plaintiff FLOYD realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 37.

72.     The conduct of Defendant CADY towards Plaintiff FLOYD resulted in an intentional and unwanted touching of Plaintiff FLOYD, against his will. The conduct of Defendant CADY constitutes battery under Florida law.

73.     The battery of Plaintiff FLOYD by Defendant CADY occurred during the course and scope of Defendant CADY's employment as a deputy sheriff for Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida.

74.     As a direct and proximate result of the acts described above, Plaintiff FLOYD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

75.     As a further direct and proximate result of the conduct of Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, Plaintiff FLOYD suffered mental anguish and loss of capacity for the enjoyment of life. Plaintiff FLOYD's losses are either permanent or continuing and Plaintiff FLOYD will suffer the losses in the future, in violation of Plaintiff FLOYD's rights under Florida law.

WHEREFORE, Plaintiff FLOYD prays:

    i.    Judgment for compensatory damages in excess of $ 30,000 dollars;

    ii.    Cost of suit;

    iii.    Trial by jury as to all issues so triable; and

    iv.    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT VII
### PLAINTIFF FLOYD'S STATE LAW BATTERY CLAIM AGAINST DEFENDANT CADY, INDIVIDUALLY

For his cause of action against Defendant CADY, individually, in Count VII, Plaintiff FLOYD states:

76. Plaintiff FLOYD realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 37.

77. The conduct of Defendant CADY towards Plaintiff FLOYD resulted in an intentional and unwanted touching of Plaintiff FLOYD, against his will. The conduct of Defendant CADY constitutes battery under Florida law.

78. Alternatively to the allegations set forth in Count VI, if the battery of Plaintiff FLOYD was proximately caused by conduct occurring outside the course and scope of Defendant CADY's employment, or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery of Plaintiff FLOYD was committed by Defendant CADY in his individual capacity.

79. As a direct and proximate result of the acts described above, Plaintiff FLOYD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

80. As a further direct and proximate result of the conduct of Defendant CADY, Plaintiff

FLOYD suffered mental anguish and loss of capacity for the enjoyment of life. Plaintiff FLOYD's losses are either permanent or continuing and Plaintiff FLOYD will suffer the losses in the future, in violation of Plaintiff FLOYD's rights under Florida law.

WHEREFORE, Plaintiff FLOYD prays:

i. Judgment for compensatory damages in excess of $ 30,000 dollars;

ii. Judgment for punitive damages;

iii. Cost of suit;

iv. Trial by jury as to all issues so triable; and

v. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VIII
### PLAINTIFF FLOYD'S STATE LAW BATTERY CLAIM AGAINST DEFENDANT GREGORY TONY, AS SHERIFF OF BROWARD COUNTY, FLORIDA
(for conduct of Defendant BRIDGMAN)

For his cause of action against Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, in Count VIII, Plaintiff FLOYD states:

81. Plaintiff FLOYD realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 37.

82. The conduct of Defendant BRIDGMAN towards Plaintiff FLOYD resulted in an intentional and unwanted touching of Plaintiff FLOYD, against his will. The conduct of Defendant BRIDGMAN constitutes battery under Florida law.

83. The battery of Plaintiff FLOYD by Defendant BRIDGMAN occurred during the course and scope of Defendant BRIDGMAN's employment as a deputy sheriff for Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida.

84. As a direct and proximate result of the acts described above, Plaintiff FLOYD has suffered grievously, has been brought into public scandal, and with great humiliation, mental

suffering, and damaged reputation.

85. As a further direct and proximate result of the conduct of Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, Plaintiff FLOYD suffered mental anguish and loss of capacity for the enjoyment of life. Plaintiff FLOYD's losses are either permanent or continuing and Plaintiff FLOYD will suffer the losses in the future, in violation of Plaintiff FLOYD's rights under Florida law.

WHEREFORE, Plaintiff FLOYD prays:

    i. Judgment for compensatory damages in excess of $ 30,000 dollars;

    ii. Cost of suit;

    iii. Trial by jury as to all issues so triable; and

    iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IX
## PLAINTIFF FLOYD'S STATE LAW BATTERY CLAIM AGAINST DEFENDANT BRIDGMAN, INDIVIDUALLY

For his cause of action against Defendant BRIDGMAN, individually, in Count IX, Plaintiff FLOYD states:

86. Plaintiff FLOYD realleges and adopts, as if fully set forth in Count IX, the allegations of paragraphs 1 through 37.

87. The conduct of Defendant BRIDGMAN towards Plaintiff FLOYD resulted in an intentional and unwanted touching of Plaintiff FLOYD, against his will. The conduct of Defendant BRIDGMAN constitutes battery under Florida law.

88. Alternatively to the allegations set forth in Count VIII, if the battery of Plaintiff FLOYD was proximately caused by conduct occurring outside the course and scope of Defendant BRIDGMAN's employment, or was committed in bad faith or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety, or property, then the battery of Plaintiff FLOYD was committed by Defendant BRIDGMAN in her individual capacity.

89. As a direct and proximate result of the acts described above, Plaintiff FLOYD has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

90. As a further direct and proximate result of the conduct of Defendant BRIDGMAN, Plaintiff FLOYD suffered mental anguish and loss of capacity for the enjoyment of life. Plaintiff FLOYD's losses are either permanent or continuing and Plaintiff FLOYD will suffer the losses in the future, in violation of Plaintiff FLOYD's rights under Florida law.

WHEREFORE, Plaintiff FLOYD prays:

i. Judgment for compensatory damages in excess of $ 30,000 dollars;

ii. Judgment for punitive damages;

iii. Cost of suit;

iv. Trial by jury as to all issues so triable; and

v. Such other relief as this Honorable Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

91. Plaintiff FLOYD and Plaintiff K.F. demand trial by jury on all issues so triable as of right.

**DATED** this  13th  day of April, 2020.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 522-1235
Facsimile: (954) 522-1176
*Attorneys for Plaintiffs Allen Floyd, individually, and K.F., a minor child, by and through Allen Floyd, his father and natural guardian*